81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry Lee WEATHERS, Petitioner-Appellant,
v.
George DEEDS, Warden, and Attorney General of the State of
Nevada, Respondents-Appellees.
 No. 93-16367.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided March 29, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry Lee Weathers, a Nevada state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. Weathers contends that he is entitled to habeas relief because: (1) statements made in violation of Miranda v. Arizona, 384 U.S. 436 (1966) were admitted during trial; (2) the prosecutor characterized Weathers as "dangerous" and a "killer" during closing argument; and (3) his trial counsel was ineffective. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Martineau v. Angelone, 25 F.3d 734, 738 (9th Cir.1994), and affirm.
 
 
 3
 First, we agree with the district court that Weathers' statement that he knew who witnessed the shooting of which he was eventually convicted should have been suppressed because it was made in violation of Weathers' rights under Miranda v. Arizona, 384 U.S. 436 (1966). See Pope v. Zenon, 69 F.3d 1018, 1023 (9th Cir.1995). This error was compounded by the prosecutor's mention of the statement during closing argument. Accordingly, we must decide whether this error had a " 'substantial and injurious effect or influence in determining the jury's verdict.' " See Pope, 69 F.3d at 1025 (quoting Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993)); see also Henry v. Estelle, 33 F.3d 1037, 1042 n. 1 (9th Cir.1993) (per curiam) (applying Brecht retroactively), rev'd on other grounds, 115 S.Ct. 887 (1995).
 
 
 4
 Here, there was abundant evidence of Weathers' guilt aside from his statement to the police. Weathers was convicted of murder after shooting the passenger of a vehicle during a crack sale. He was positively identified by the driver of the vehicle. In addition, another witness, who had known Weathers for fifteen years, testified that he was Weathers running from the victim's vehicle immediately following a gunshot. Given these circumstances, admission of Weathers' statement did not have "substantial and injurious effect or influence in determining the jury's verdict." See Brecht, 113 S.Ct. at 1722.
 
 
 5
 Weathers also contends that the prosecutor committed misconduct by characterizing Weathers as "dangerous" and a "killer" during closing argument. "Even if a prosecutor's argument is egregiously improper, a federal court cannot issue a writ of habeas corpus to state authorities unless 'the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process.' " Thompson v. Borg, 74 F.3d 1571, 1577 (1996) (quoting Darden v. Wainwright, 477 U.S. 168, 181 (1986) (internal quotation omitted)); see also United States v. Sarno, 73 F.3d 1470, 1496 (1995); United States v. Birges, 723 F.2d 666, 671-72 (9th Cir.) (permitting a prosecutor to strike "hard blows" during closing argument, so long as the blows are based on the evidence), cert. denied, 469 U.S. 863 (1984).
 
 
 6
 Finally, Weathers contends that his trial counsel was ineffective for failing to (1) interview prosecution witnesses prior to trial, (2) move to suppress the passenger's identification of Weathers, and (3) object to the above prosecutorial misconduct. To demonstrate ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that the defendant was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687-92 (1984).
 
 
 7
 Here, Weathers' ineffective assistance of counsel claims fail because he cannot show prejudice. See id. First, Weathers' counsel extensively cross-examined each prosecution witness and Weathers does not indicate what counsel would have discovered had they been interviewed prior to trial. In addition, there were no grounds for suppression of the passenger's identification of Weathers. Moreover, counsel vigorously cross-examined the passenger on his identification of Weathers. Finally, given our disposition of Weathers' claim of prosecutorial misconduct, Weathers cannot show prejudice resulting from counsel's failure to object this conduct.[1] See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Weathers' request for appointment of counsel is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 There is no evidence that the prosecutor introduced perjured testimony